Raymond ROCHON, Plaintiff–Appellant,

v.

**LOUISIANA STATE PENITENTIARY INMATE ACCOUNT, Angola, Louisiana, et al., Defendants–Appellees.**

No. 88–3625.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 18, 1989.

Rehearing Denied Sept. 14, 1989.

Raymond Rochon, Angola, La., pro se.

Joseph E. Kopsa, William Guste, Jr., Atty. Gen., Baton Rouge, La., for defendants-appellees.

Before CLARK, Chief Judge, JOHNSON and SMITH, Circuit Judges.

CLARK, Chief Judge:

Raymond Rochon appeals the district court's grant of summary judgment in favor of defendants on his action under 42 U.S.C. § 1983. We affirm, finding that Rochon has no vested right under the Constitution or laws of the United States to the use of funds deposited in his prisoner savings account other than as provided by state law.

## I.

Raymond Rochon is an inmate at the Louisiana State Penitentiary, serving a life sentence without possibility of parole. Rochon receives incentive pay of $.04/hour for work he performs at the prison. One half of his wages is deposited into a personal drawing account, from which he can withdraw funds at any time. La.Rev.Stat. Ann. § 15:874(2) (West 1981). The other one half of his wages is placed in Rochon's prison savings account, from which he can withdraw funds only for his education, court costs, victim repayment, or the purchase of state or federal bonds. La.Rev. Stat.Ann. § 15:874(4). The statute provides that upon his release from custody any funds remaining in the savings account will be turned over to the prisoner. Rochon argues that since he will never be released from prison, Louisiana's statutory scheme operates to deprive him of his property without due process.

## II.

▓▓▓ Prisoners have no constitutional right to be paid for work performed in prison. *Wendt v. Lynaugh*, 841 F.2d 619 (5th Cir.1988). Rochon receives incentive wages solely because of the state statutory scheme. Thus, the nature of his property interest in those funds may be defined by the reasonable provisions of that legislation. La.Rev.Stat.Ann. §§ 15:870–74 provides one half of the wage paid be distributed to the prisoner's immediate and unrestricted drawing account. The remaining one half is paid to his savings account. No prisoner has a state-created right to withdraw funds from his savings account prior to his discharge or parole for any use other than those enumerated in § 15:874(4) and (6). Savings account funds are restricted to use for education, court costs, victim repayment or the purchase of bonds. These restrictions are reasonably related to the valid goals of rehabilitation, restitution and assessing against inmates at least the partial cost of prosecuting any future litigation. Those restrictions apply with equal force to all inmates. The statutory scheme does not classify prisoners based on the length of their sentences. Nor does it provide any different treatment for prisoners serving life sentences. The fact that Rochon is in a state of confinement that denies him a contingent benefit that might be available to other prisoners who are subject to release does not deprive him of equal protection of the laws. *See Schweiker v. Wilson*, 450 U.S. 221, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981). Since the distinction is not invidious, and is reasonably related to a legitimate state objective, Rochon has suffered no taking of his property.

The judgment of the district court is AFFIRMED.