SEXTON, Judge.
Plaintiff, William C. Richardson, appeals the granting of a motion for summary judgment in favor of the defendants, John D. Rees and Dr. R. Crants, in his action to collect minimum wages for work performed while in prison. We affirm.
On April 2, 1986, plaintiff, William C. Richardson, pled guilty to attempted first degree murder and he was sentenced to 15 years at hard labor for this conviction. On July 26, 1990, plaintiff was transferred to the Winn Correctional Center in Winn Parish. While the Winn Correctional Center is owned by the state of Louisiana, it is operated and managed by Corrections Corporation of America, a private corrections corporation. While incarcerated at the Winn Correctional Center, Richardson was assigned to the inmate work crew, whose duties consisted of cutting trees and chopping weeds on the facility. Inmate Richardson was compensated for his work with incentive pay, as set by the secretary of the Department of Corrections.
On March 5, 1991, inmate Richardson, who was incarcerated at the Avoyelles Correctional Center, filed suit against John D. Rees, warden of the Winn Correctional Center, and Dr. R. Crants, president of Corrections Corporation of America. In his petition, Richardson alleged that he should have been paid minimum wage for work he was required to perform while incarcerated at the Winn Correctional Center. Accordingly, plaintiff sought past-due minimum wages for 73 days of labor performed from August 1,1990, to November 9,1990, along with punitive damages and attorney fees. Defendants answered the petition by denying plaintiff’s allegations and asserting that during Richardson’s incarceration, he was appropriately compensated with incentive pay for the work he performed.
Subsequently, the defendants filed a motion for summary judgment and attached the affidavit of John Rees, along with certain records referred to in his affidavit. Rees stated in his affidavit that he was employed by Corrections Corporation of America as the warden at the Winn Correctional Center and had personal knowledge of and was competent to testify to the matters stated in the affidavit. He then went on to state the time period during which Richardson worked at the Winn Correctional Center, and referred to attached timesheets and computer generated incentive pay rosters showing that incentive pay was credited to Richardson’s account for the entire period that Richardson worked. Moreover, the affidavit stated that Richardson was not employed by a private entity, but rather was employed and paid by the State of Louisiana, Department of Corrections. In support of this statement, the affidavit referred to a portion of the management services contract between the Winn Correctional Center and the State of Louisiana. The excerpt from the contract, *639 attached to the affidavit, provided that the state was responsible for establishing and administering compensation to the inmates for inmate work. The affidavit concluded by stating that Richardson was compensated for his work with incentive pay in accordance with the procedures adopted by the State of Louisiana, Department of Corrections, and a copy of the facility’s policy and procedure was attached to the affidavit.
In response to the motion for summary judgment, Richardson filed a memorandum in opposition along with his personal affidavit. In the affidavit, Richardson stated that he was forced to work without being paid the minimum wage to which he was entitled. He also stated that he was forced to work by a private corporation under contract with the Department of Corrections, which allegedly unlawfully relinquished custody, and that Corrections Corporation of America is a private entity, as contemplated under LSA-R.S. 15:840.2(G), requiring payment of minimum wages.
On August 4, 1992, the trial court granted defendants’ motion for summary judgment. The trial court stated that although plaintiff was incarcerated at a facility being managed by a private corrections company, the agreement between the state and Corrections Corporation of America provided for payment by the state. The minimum and maximum rate of pay for inmates paid by the state is set forth in LSA-R.S. 15:873(A) which provides:
§ 873. Rate of inmate compensation; source of funding
A. The secretary of the Department of Corrections shall establish various rates of compensation as an incentive to inmates incarcerated in state correctional facilities. The rates shall be according to the skill, industry and nature of the work performed by the inmate and shall be no more than twenty cents per hour and no less than two cents per hour.
[[Image here]]
The trial court found the affidavit filed by Mr. Rees, the warden, showed that the inmates housed at Winn Correctional Center are paid by the state, and the affidavit filed by the plaintiff did not contradict this fact and provided no genuine issues of material fact. The final judgment was signed on August 11, 1992, and it is from this judgment that plaintiff now appeals, alleging two assignments of error.
Plaintiff initially argues that the trial court abused its discretion in granting summary judgment based on its erroneous application of LSA-R.S. 15:873(A). Plaintiff alleges that the rates in this statute do not apply in the instant case because he was not incarcerated in a state correctional facility, but was incarcerated in the facility operated by Corrections Corporation of America, a private corporation. Thus, plaintiff contends he should be paid minimum wages pursuant to the provisions of LSA-R.S. 15:840.2(B). Plaintiff contends that any contract agreement between the Corrections Corporation of America and the Department of Corrections, which denies him the right to earn minimum wages is void.
Plaintiff’s argument concerning his rate of pay is without merit. LSA-R.S. 15:840.2 provides, in pertinent part:
§ 840.2. Louisiana Restitution Industries
A. The director of the Louisiana Department of Corrections is hereby authorized to establish and carry out, outside the main restraining wall or structure but within the exterior boundary of the correctional facilities at Angola, St. Gabriel and DeQuincy, demonstration type projects involving the employment of inmates of such institutions; provided, however, that such projects shall not be conducted within one mile of any residential zone as so designated by the local governing authority....
B. Any such agreement shall contain provisions assuring that the wages paid to such inmate, shall be no less than minimum wage as established by the Fair Labor Standards Act.
[[Image here]]
It is obvious that the Winn Correctional Center in which Richardson was incarcerated is not one of the correctional facilities listed in the statute at which inmate labor at minimum wage was authorized by the *640 above statute. Therefore, LSA-R.S. 15:840.2 is not applicable to the plaintiff in the instant case.
It is well settled that prisoners have no constitutional right to be paid for work performed in prison. Rochon v. Louisiana State Penitentiary Inmate Account, 880 F.2d 845 (5th Cir.1989), cert. denied, 493 U.S. 1029, 110 S.Ct. 742, 107 L.Ed.2d 759 (1990). Any such compensation which is paid to prisoners is by grace of the state. Wendt v. Lynaugh, 841 F.2d 619 (5th Cir.1988). The state of Louisiana has provided for compensation for inmate labor, and such compensation shall be established by the secretary of the Department of Corrections. See LSA-R.S. 15:832; LSA-R.S. 15:873.
In the instant case, Winn Correctional Center was managed by Corrections Corporation of America, as specifically authorized by the provisions of the Louisiana Corrections Private Management Act, LSA-R.S. 39:1800.1, et seq. The fact that Winn Correctional Center was managed by a private corrections corporation does not mean that plaintiff was not incarcerated in a state correctional facility. The provisions of this act define state facilities to mean those correctional facilities which are under the jurisdiction of the Department of Public Safety and Corrections. LSA-R.S. 39:1800.3(6). The act also states that the Department of Public Safety and Corrections is authorized to monitor the operations and correctional services provided to them by a private prison contractor. LSA-R.S. 39:1800.4(G). Through these provisions, it is apparent the state does not relinquish its jurisdiction or authority over these privately managed correctional facilities.
Furthermore, the fact that the private prison contractor has custody of the inmates under this act does not mean that plaintiff was employed and paid by a private corporation. The provisions of LSA-R.S. 39:1800.5 unambiguously state that no contract for correctional services shall authorize, allow, or imply the delegation of authority or responsibility to a prison contractor for approval of the type of work inmates may perform and the wages which may be given the inmates engaging in such work. This statutory requirement is reflected in the management service contract between the state and Corrections Corporation of America, a portion of which was filed in support of the motion for summary judgment. The contract specifically provides that the state shall be responsible for establishing and administering the compensation program for inmate work. In the instant case, plaintiff was paid by the state, not a private corporation, and therefore, he is not entitled to minimum wages for the work he performed while in prison.
Plaintiff also contends the trial court erred in weighing conflicting affidavits and in failing to consider his discovery request in support of his objections to the granting of summary judgment. Plaintiff contends that his affidavit contradicts the affidavit filed by Mr. Rees, on whether the plaintiff was paid by the state or by a private corporation. Therefore, plaintiff contends the trial court resolved factual issues which is not the function of the court in summary judgment proceedings.
A summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Billingsley v. Bach Energy Corporation, 588 So.2d 786 (La.App. 2d Cir.1991). The burden of proof in a motion for summary judgment is on the mover to establish that there are no genuine issues of material fact. This burden is a great one. Only when reasonable minds must inevitably concur is a summary judgment warranted and any doubt should be resolved in favor of a trial on the merits. Ouachita National Bank (Premier Bank, N.A.) v. Palowsky, 570 So.2d 114 (La.App. 2d Cir.1990).
If the supporting documents presented by a party moving for summary judgment are sufficient to resolve all genuine issues of material fact, the burden then *641 shifts to the opposing party to present evidence beyond the allegations and denials contained in the pleadings, showing that material facts are still at issue. Nolan v. S & W Steel Fabricators, Inc., 600 So.2d 929 (La.App. 2d Cir.1992).
In the instant case, defendants’ motion for summary judgment was supported by the affidavit filed by John Rees. This affidavit and corresponding exhibits clearly show that the plaintiff was paid by the state Department of Corrections and not by Corrections Corporation of America for the work plaintiff performed while incarcerated at the Winn Correctional Center. Thus, the burden shifted to plaintiff to present evidence beyond the allegations and denials contained in his pleadings, showing that material facts were still at issue. The affidavit filed by the plaintiff failed to meet this burden.
Plaintiff’s affidavit contained a coneluso-ry assertion that he was entitled to be paid minimum wage under LSA-R.S. 15:840.2. This assertion was insufficient to preclude summary judgment because plaintiff offered no specific factual details in support of his argument. As previously discussed, the provisions of LSA-R.S. 15:840.2 do not apply to Corrections Corporation of America’s management of the Winn Correctional Center and do not require payment of minimum wage to Richardson. The affidavit and exhibits filed by the defendants show that plaintiff was paid by the state and not a private corporation. Inmate Richardson has cited no applicable law which entitles him to be paid minimum wage. Accordingly, plaintiff’s affidavit set forth no specific facts which raised genuine issues of material fact, and the trial court did not err in granting summary judgment.
Finally, we turn to that portion of Richardson’s argument concerning his discovery requests. Richardson complains that throughout the litigation the defendants ignored his discovery requests, and that the trial court did not address the matter of discovery in determining whether genuine issues of material fact existed. Richardson asserts that his request for admissions of fact resulted in conclusive admissions because they were not answered, objected to, or withdrawn.
The four admissions which Richardson sought through discovery are:
1. Richardson was not paid any incentive wages for work performed at Winn Correctional Center during August, September, October and November 1990.
2. Richardson did not sign any document giving his consent to voluntarily work at Winn Correctional Center without being paid minimum wages.
8. Richardson was not paid minimum wages for work performed while at Winn Correctional Center.
4. Corrections Corporation of America , is a private company.
There is no dispute with regard to requests 2, 3 and 4 above. Furthermore, the plaintiff’s first request is irrelevant because his petition sought payment of minimum wages for his work, not payment of incentive wages. In any event, the state’s failure to answer Richardson’s request for an admission concerning the payment of incentive wages does not result in the state being deemed to have admitted that incentive wages were not paid. In this case, the state specifically stated in its answer that Richardson was appropriately compensated with incentive pay for work performed during the period of his incarceration. This fact is also indicated in the affidavit filed by John Rees. These statements were sufficient to prevent the request from becoming a conclusive admission. See D.H. Holmes Company Ltd. v. Dronet, 432 So.2d 1135 (La.App. 3d Cir.1983).
We also note that the fact there were interrogatories and requests for production of documents to which the state did not respond did not preclude the trial court from ruling on the motion for summary judgment. Under the provisions of LSA-C.C.P. Art. 967, a party opposing a motion for summary judgment may submit affidavits showing that he cannot present by affidavit facts essential to justify his opposition, and a court in such circumstances may refuse the application for summary judgment or may order a continuance to *642 permit affidavits to be obtained or depositions to be taken or discovery to be had. In this case, Richardson never alleged in any manner that he needed more time to respond to the motion for summary judgment, or, more particularly, that he needed to obtain responses to his discovery requests before the trial court ruled on the motion for summary judgment. Because Richardson gave no indication whatsoever that he opposed the trial court’s consideration of the motion for summary judgment, the trial court was not precluded from ruling on summary judgment simply because there were outstanding discovery requests.
For the reasons set forth above, the trial court did not err in granting summary judgment in favor of defendants. Accordingly, the judgment of the trial court is affirmed. Costs of appeal are assessed to appellant.
AFFIRMED.