h COOKS, Judge.
Plaintiff, Autry Lee Jones, appeals the judgment of the trial court dismissing his “Petition and/or Application for Lien” on the grounds he “failed to state a cause of action against Defendant, Harry L. Sha-heen, Jr.” For the following reasons, we reverse the dismissal of Jones’ petition and remand for further proceedings.
FACTS
We initially note that Mr. Jones has handled this matter without legal representation at all stages of these proceedings. We have diligently examined the record in its entirety, and have done our best to ascertain the nature of Mr. Jones’ complaints.
On November 20, 2000, Mr. Jones filed a “Petition and/or Application for Lien” with the Fourteenth Judicial District Court against Harry L. Shaheen, Jr. In his petition, Mr. Jones alleged Defendant owes him $26,000.00 in back wages for work performed while he was an inmate at the correctional facility in Dequincy, Louisiana. In his petition, Mr. Jones set out the *753 work he allegedly performed for Defendant as follows:
On or about the 20th day of April 1977, Claimant was hired by Sara, Inc. of Jackson, Louisiana P.O. Box 788.
Claimant work four (4) days per week from 6:00 a.m. to 4:30 p.m. Monday through Thursday. Claimant was paid $2.00 per day from April 20, 1977 until February 2,1978, at which time Claimant was paid $3.00 per day.
Claimant work 8, eight days in April of 1977, from February 8,1978, 16, sixteen days in May of 1977, 16 sixteen days in June of 1977, sixteen days in July of 1977, 16, sixteen days in August of 1977,16 sixteen days in September of 1977,16 sixteen days in October of 1977, 16, sixteen days in November of 1977 and 16 sixteen days in December of 1977 which is a total of 152, one hundred and fifty two days at $2.00 per day equal to $300.00 three hundred dollars and no cents.
Lien Debtor paid Lien Claimant $.00, three [dollars] per day from February 2,1978 to May 29,1979.
| ¡¡From February 2,1978 to May 29,-1979, comes to a total of 256, two hundred fifty six days for a total of $768.00 seven hundred and sixty eight dollars and no cents.
The total from $2.00 two dollars per day is added with the total for $3.00 per day hen debtor paid Lien Claimant $1,072.00 one thousand no hundred and seventy two dollars and no cents.
Mr. Jones argued he worked under a rate which violated the Fair Labor Standards Act; and he did not know, at the time, that the rate was in violation of the Act. Specifically he contends he was entitled to earn minimum wage for the labor he performed while an inmate. He asked the district court to levy a hen against the “property commonly known as Highway 12 West in Dequincy, Louisiana 70630.” He further requested that “if Lien Debtor fails to pay Lien Claimant within 90, ninety days from the date of the filing of this hen application and/or Petition, that the above property be sold at pubhc auction for its face value less what is owed to Lien Claimant plus court cost.”
On September 17, 2001, Mr. Jones filed a Motion for Entry of Default, asserting the Defendant failed to file an answer or appear in court and thus he was entitled to an entry of default. On October 10, 2001, the district court entered a judgment of dismissal finding the petition faded to state a cause of action against the defendant. Mr. Jones appealed the trial court’s judgment of dismissal.
ANALYSIS
It is well settled that prisoners have no constitutional right to be paid for work performed in prison. Rochon v. Louisiana State Penitentiary Inmate Account, 880 F.2d 845 (5th Cir.1989), cert. denied, 493 U.S. 1029, 110 S.Ct. 742, 107 L.Ed.2d 759 (1990). Any such compensation which is paid to prisoners is by the grace of the state. Wendt v. Lynaugh, 841 F.2d 619 (5th Cir.1988). The state of Louisiana has provided for compensation for inmate labor, and such compensation shall be estabhshed by the secretary of the Department of Corrections. See La.R.S. 15:832; La.R.S. 15:873; Richardson v. Rees, 618 So.2d 636 (La.App. 2 Cir.1993).
li/The minimum and maximum rate of pay for inmates paid by the state is set forth in La.R.S. 15:873(A) which provides in pertinent part:
A. The secretary of the Department of Corrections shall establish various rates of compensation as an incentive to inmates incarcerated in state correctional facilities. The rates shall be accord *754 ing to the skill, industry and nature of the work performed by the inmate and shall be no more than twenty cents per hour and no less than two cents per hour.
[[Image here]]
However, Mr. Jones’ reference to the Fair Labor Standards Act calls our attention to La.R.S. 15:840.2, which provides, in pertinent part:
A. The director of the Louisiana Department of Corrections is hereby authorized to establish and carry out, outside the main restraining wall or structure but within the exterior boundary of the correctional facilities at Angola, St. Gabriel and Dequincy, demonstration type projects involving the employment of inmates of such institutions; provided, however, that such projects shall not be conducted within one mile of any residential zone as so designated by the local governing authority. Such projects shall also provide for the provision of supportive services to inmates of the demonstration institutions, such as training, education, counseling, and the like. Such projects so established shall be known as Louisiana Restitution Industries. In establishing such projects, the director of the Louisiana Department of Corrections is authorized to enter into agreements, by contract, under the public bid laws of the state of Louisiana, with any private person, pursuant to which such person shall be authorized to establish, by construction, lease, or otherwise, facilities outside the main restraining wall or structure but within the exterior boundaries of such penal or correctional institutions for the purpose of carrying out industrial or other operations herein authorized. Such persons and company employees, excluding inmates, must be of good moral character. Such employment within such institutions of inmates shall, however, be on a voluntary basis.
B. Any such agreement shall contain provisions assuring that the wages paid to such inmate, shall be no less than minimum wage as established by the Fair Labor Standards Act.
(Emphasis added)
This statute raises questions as to whether Mr. Jones does in fact have a cause of action.
Defendant, who has been duly served, has not answered this suit. Mr. Jones Ralleges he was employed by Sara, Inc. La.R.S. 15:840.2 specifically authorizes the director of the Louisiana Department of Corrections to enter into “demonstration type projects involving the employment of inmates” of correctional facilities (including Dequincy) with private persons under the public bid laws. While Mr. Jones does not specifically state in his pleadings he rendered labor for such “demonstration type” work as set out in R.S. 15:840.2, or indicate that Sara, Inc., was a “private person” who entered an employment agreement regulated by the statute, his failure to do so may have been an oversight.
Even if a petition fails to state a cause of action, if the grounds of the objection can be removed by amendment, the plaintiff should be allowed to amend his demand. La.Code Civ.P. art. 934; Crooms v. Lafayette Parish Government, 628 So.2d 1224, 1226 (La.App. 3 Cir.1993); Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 96-1010 (La.App. 1 Cir. 3/27/97), 691 So.2d 751; Baldwin v. Gibbens, 93-1820, pp. 2-3 (La.App. 4 Cir. 4/14/94), 635 So.2d 1317, 1318. We cannot say there is no conceivable possibility that the petition could not *755 be amended to state a cause of action.[1] Dubroc v. Allstate Ins. Co., 93-780 (La.App. 3 Cir. 3/2/94), 633 So.2d 861; Persilver v. Louisiana Dept. of Transp., 592 So.2d 1344 (La.App. 1 Cir.1991). We accordingly reverse the trial court’s dismissal of the petition for failure to state a cause of action and remand with the instruction that an order be issued to Autry Lee Jones to amend his petition to state a cause of action against defendant, if he can, within a delay period deemed reasonable by the trial court.
REVERSED AND REMANDED.
AMY, J., concurs in the result.

. Although, we note the services allegedly rendered occurred over twenty years before the filing of the instant suit, and any cause arising therefrom may have prescribed under La.Civ.Code art. 3494(1), we are prevented by La.Code Civ.P. art. 927 from supplying this exception on our motion.