## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 1129

CEFUS JENKINS

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY &
CORRECTIONS

*DATE OF JUDGMENT:* **MAY** 1 3 2022

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA
NUMBER 678540, SECTION 27

HONORABLE TRUDY M. WHITE, JUDGE

* * * * * *

Cefus Jenkins
Angola, Louisiana

Plaintiff-Appellee
Cefus Jenkins-Pro Se

Jonathan R. Vining
Elizabeth B. Desselle
Baton Rouge, Louisiana

Counsel for Defendant-Appellant
Louisiana Department of Public Safety
& Corrections

* * * * * *

BEFORE:  GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

Disposition: **AFFIRMED.**

**Chutz, J.**

Appellant-defendant, the Louisiana Department of Public Safety and Corrections (DPSC), appeals a district court judgment awarding an inmate $1,692.80 in back incentive pay. We affirm.

## FACTS AND PROCEDURAL HISTORY

Cefus Jenkins, an inmate in the custody of DPSC, filed Administrative Remedy Procedure (ARP) LSP-2018-1893 requesting his $0.04 per hour incentive pay be adjusted to an amount commensurate with the work he performed as an academic tutor. He also requested adjusted back pay for all hours he had previously worked during a roughly eighteen-month period as a registered tutor. DPSC denied the ARP at both levels, concluding Jenkins was being paid the correct rate of pay since he did not have an associate degree or higher, as required to earn $.075 per hour as a certified tutor. Jenkins filed a petition for judicial review in the Nineteenth Judicial District Court seeking review of DPSC's decision.

Pursuant to La. R.S. 15:1178 and 15:1188, a Nineteenth Judicial District Court commissioner reviewed the petition to determine whether it stated a cause of action or cognizable claim for relief. The commissioner initially recommended dismissal of Jenkin's petition, with prejudice. After Jenkins filed a traversal, the commissioner remanded the matter to DPSC for clarification of its second-step response. DPSC filed an amended second-step response reiterating that Jenkins was ineligible to receive incentive wages as a certified tutor because he lacked an associate degree or higher. The commissioner issued a stay order and remand submitting several questions to DPSC, including the applicable pay scale for a registered tutor and DPSC's interpretation of La. R.S. 15:873, which provides that pay rates set by DPSC "shall be according to the skill, industry, and nature of the work performed by the inmate."

2

Following oral arguments, the district court issued a second stay order and remand, issuing additional questions to DPSC regarding the respective job duties of various categories of tutors. After receiving DPSC's responses, the commissioner issued an amended recommendation finding merit in Jenkins' request for back pay. The commissioner concluded "the lowest pay rate *commensurate with* [Jenkins'] job *assignment*" was $0.50 per hour. Accordingly, the commissioner concluded Jenkins was entitled to back pay of $0.46 for each hour he worked as a registered tutor and was paid only $0.04 per hour from March 17, 2017 through February 20, 2019.[1] On July 19, 2021, the district court signed a judgment awarding Jenkins back pay in the amount of $1,692.80. Additionally, the district court adopted the commissioner's report as its reasons for judgment. DPSC now appeals, arguing in a single assignment of error that the district court erred in reversing DPSC's agency decision without finding the decision was arbitrary, manifestly erroneous, or clearly wrong.

Pursuant to La. R.S. 15:1177(A)(9), a reviewing court may reverse or modify an agency decision if substantial rights[2] of the appellant have been prejudiced because the administrative decisions or findings are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made

---

[1] Due to a disciplinary infraction, Jenkins was reassigned to a different job assignment on this date.

[2] DPSC alleges no substantial right of Jenkins was violated in this case. While it is well established inmates have no constitutional right to be paid for work they perform in prison, the State of Louisiana has chosen to provide incentive wages for inmate labor within certain guidelines and restrictions established by DPSC. See *Kraemer v. Department of Public Safety & Corrections*, 12-0798 (La. App. 1st Cir. 12/21/12) (unpublished), 2012 WL 6681697 at *2, writ denied, 13-0225 (La. 9/20/13), 122 So.3d 1012; *Rochon v. Louisiana State Penitentiary Inmate Account*, 880 F.2d 845, 846 (5th Cir. 1989), cert. denied, 493 U.S. 1029, 110 S.Ct. 742, 107 L.Ed.2d 759 (1990). When an inmate is granted the opportunity to earn incentive wages by the state, he has a protected interest in the wages earned within the guidelines and restrictions set forth by DPSC. See *McCrae v. Hankins*, 720 F.2d 863, 869 (5th Cir. 1983), disapproved of by *Augustine v. Doe* on other grounds, 740 F.2d 322 (5th Cir. 1984). By contrast, the situation is distinguishable when an inmate loses incentive wages as part of a sentence for a disciplinary infraction. See e.g. *Johnson v. Louisiana Department of Public Safety & Corrections*, 19-1244 (La. App. 1st Cir. 5/11/20), 304 So.3d 426, 436, writ denied, 20-00839 (La. 12/8/20), 306 So.3d 435; *Haller v. Terrell*, 11-0496 (La. App. 1st Cir. 11/9/11) (unpublished), 2011 WL 5412432, at *1.

upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by an abuse of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. On review of the district court's judgment under La. R.S. 15:1177, an appellate court owes no deference to the district court's factual findings or legal conclusions, just as the Louisiana Supreme Court owes no deference to an appellate court's factual findings or legal conclusions. *Tarver v. Louisiana Department of Public Safety & Corrections*, 20-1126 (La. App. 1st Cir. 5/12/21), 326 So.3d 297, 302,

On appeal, DPSC argues the district court arbitrarily determined Jenkins should have been paid incentive pay of $0.50 per hour based on the court's belief that Jenkins was performing the work of a certified tutor. DPSC maintains the district court lacked authority to reverse its decision in the absence of a finding that DPSC's decision was arbitrary, capricious, or manifestly contrary to its rules and regulations.

DPSC's arguments are based largely on its erroneous construction of the written reasons adopted by the district court. Contrary to DPSC's contentions, the district court did not conclude Jenkins was entitled to back pay because he was performing the job of a certified tutor. In its written reasons, the district court acknowledged Jenkins was not qualified to be a certified tutor given his lack of the associate degree or higher required for that job assignment under Department Regulation No. B-07-001. Rather, the district court correctly noted DPSC's regulations did not provide a pay range for registered tutors, as they did for other job titles. In the absence of a specific pay range, as well as the dictate of La. R.S. 15:873 that inmate pay rates should be according to "the skill, industry, and nature" of the work performed, the district court concluded Jenkins should be paid, not at the rate

4

of a certified tutor, but at the same rate as other categories of tutors performing the same job duties as a registered tutor.[3]

DPSC has maintained throughout these proceedings that $0.04 is the correct hourly rate of pay provided for registered tutors by Department Regulation B-09-001. As support for this contention, DPSC points out that this regulation provides inmates assigned as students to educational or career and technical education programs should be paid $0.04 per hour.[4] DPSC makes this argument even though Jenkins clearly was not assigned as a student to an educational program. DPSC conceded a registered tutor is considered a professional job classification.

It is undisputed DPSC has discretion to set incentive pay rates for inmates in various job titles.[5] Once an inmate is eligible to receive incentive pay, he initially is paid $0.02 per hour for six months, after which he is to be paid at the lowest commensurate with his job assignment. Department Regulation No. B-09-001 specifically provides that a series of pay ranges and a standardized list of job titles shall be established by the director of prison enterprises and approved by the secretary or designee. See also LAC 22:I-331(E)(2)(c). The list of job titles and pay ranges provided by DPSC, however, does not contain either the job title or pay range for registered tutors. Further, DPSC has provided no evidence of any regulation or list setting a specific pay range for registered tutors.

---

[3] In response to questions posed by the commissioner on remand, DPSC indicated Corrections Reentry Court Workforce Program tutors and restrictive housing/transitional program duties, who were each paid incentive wages of $0.50 per hour, performed the same duties as registered tutors.

[4] In addition to providing students assigned to an educational program should be paid $0.04 per hour, Department Regulation No. B-09-001 further provides that inmates who are students in the New Orleans Baptist Theological seminary program should be paid at a higher rate. Specifically, freshmen in the program are paid $0.14 per hour; sophomores are paid $0.16 per hour; juniors are paid $0.18 per hour; and seniors are paid $0.20 per hour, resulting in them being paid significantly more than the $0.04 per hour DPSC maintains registered tutors are entitled to be paid. See also LAC 22:I-331(E)(2)(f)(i).

[5] See La. R.S. 15:832(B); La. R.S. 15:873(A); *Kraemer*, 2012 WL 6681697 at *2.

The district court's written reasons clearly reflect the court's rejection of DPSC's contention that registered tutors should be paid at the same rate as the students they instructed as being arbitrary and capricious, as well as unsupported by its own regulations. While a reviewing court should afford considerable weight to an agency's interpretation of its own administrative regulations,[6] we agree with the district court's implicit finding that DPSC's interpretation of Department Regulation No. B-09-001 was manifestly unreasonable, arbitrary, and capricious. Given the lack of a specific pay range for registered tutors, we find no error in the district court's conclusion that Jenkins should have been paid at the same rate as other categories of non-certified tutors performing the same job duties as Jenkins.[7]

Therefore, based on a thorough *de novo* review, we find the commissioner's report, which the district court adopted as its written reasons for judgment, and which we attach as "Appendix A" hereto, provides a correct analysis of the applicable law and evidence regarding Jenkins's claim. We affirm the judgment of the district court in accordance with Uniform Rules–Courts of Appeal, Rule 2–16.2(A)(5), (6), and (10). All costs of this appeal, in the amount of $1,622.00, are assessed to DPSC.

**AFFIRMED.**

---

[6] See *Forbes v. Cockerham*, 08-0762 (La. 1/21/09), 5 So.3d 839, 859.

[7] In further support of its claim that Jenkins was not entitled to be paid more than $0.04 per hour, DPSC asserts Jenkins did not receive a "favorable performance evaluation" as a registered tutor. The only performance evaluation included in the record, however, is an April 17, 2018 evaluation in which Jenkins received an overall satisfactory performance rating. Regardless, the only possible relevancy of Jenkins' performance evaluation would be to the issue of his eligibility for an incentive pay raise and not to the issue of the applicable pay range for registered tutors. Therefore, any issue as to Jenkins' performance evaluation is irrelevant herein.

CEFUS JENKINS
DOC #394439

VERSUS

LA. DEPT. OF PUBLIC SAFETY &
CORRECTIONS

NO. 678,540 . SECTION: 27

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

### COMMISSIONER'S AMENDED RECOMMENDATION

Petitioner, an inmate in the custody of the Department of Public Safety and Corrections, filed the instant appeal of Administrative Remedy Procedure (ARP) No. LSP-2018-1893, seeking review in accordance with R.S. 15:1171 *et. seq.* Petitioner seeks to have his incentive pay adjusted from $0.04 per hour to $0.40 per hour; reimbursement of back pay at the rate of $0.40 per hour; reimbursement of back pay at the rate of $0.36 for every hour he worked during his probationary period; declaratory and injunctive relief against the Department; and training of Department employees assigned to Offender Banking Services.[1] Pursuant to a service order, the Department filed an Answer, inclusive of the administrative record, which has been admitted and marked as Exhibit A *in globo* in the suit record.[2] Oral arguments were held herein on September 12, 2019. This report is issued for the Court's *de novo* consideration and adjudication of the merits of the Petitioner's claim for relief.

### ANALYSIS OF THE FACTS AND LAW

Petitioner alleges that he is being denied incentive pay that is commensurate with the work he does on his job assignment as a Registered Tutor.[3] Petitioner has been on his current job assignment for the past eighteen months, and is requesting an adjustment to his incentive pay from $0.04 per hour to $0.40 per hour along with back pay in the amount of $2,158.00.[4] Petitioner's ARP was denied at both first and second steps.[5]

Petitioner filed the instant appeal on January 17, 2019. Initially, this Commissioner filed a recommendation herein on April 15, 2019, suggesting dismissal of this appeal. On May 10, 2019, Petitioner filed a traversal[6] to the April 15, 2019 recommendation. Subsequently, at the request of the Honorable Trudy White, oral arguments were held herein on September 12, 2019; and on June 25, 2019, a Stay and Remand Order was issued upon the Department in advance of oral arguments. Upon receipt of the Department's Supplemental Answer to said Stay and Remand Order and after further consideration of the transcript of oral arguments, this Commissioner submits that the initial recommendation failed to address Petitioner's actual request for relief. The following discussion explains why a revised recommendation is warranted.

At the time of filing, Petitioner worked as an academic registered tutor. He was paid $0.04 per hour. His ultimate contention is that he should have been paid $0.40 per hour because for eighteen months he performed duties equivalent to the duties performed by the certified tutor with whom he worked. At oral arguments, Petitioner was represented by inmate counsel substitute, Nathaniel Anderson, who argued that

---

[1] See Petition for Judicial Review at p. 5 - 6, § V. Relief, filed on January 17, 2019.
[2] See the Department's Answer filed on April 4, 2019.
[3] See Petitioner's Request for Administrative Remedy dated 8/27/18, and attached to the Petition for Judicial Review as Exhibit "A."
[4] See First Step Response Form, Case Number: LSP-2018-1893, dated 9/14/18.
[5] See *Id.* and Second Step Response Form, Case Number: LSP-2018-1893, dated in November 2018.
[6] See Traverse to the Commissioner's Report and Recommendation.

Petitioner did the same things in the classroom as the certified tutor to the extent that Petitioner and the certified tutor often "tag-teamed."[7] According to inmate substitute counsel, Petitioner graded papers, taught class and took the same certification tests that the certified tutor took.[8] Inmate counsel substitute further stated, "the only difference between Mr. Jenkins and the other guy is that the other guy has a degree from the Bible College or something and Mr. Jenkins has what is the equivalent of a G.E.D. The duties they perform are exactly the same, and that's what [Jenkins] has been performing for those eighteen months after the six months probationary period."[9]

Department Regulation No. B-07-001 entitled Education- Educational, Vocational and Occupational Programs and Placement, Tutor Certification Program and American Sign Language Interpreting Program (Including Library Services) states the following in pertinent part:

> Certified Tutor: Participants must have an associate degree or higher from an accredited institution and score 12.0 on the D level TABE Complete Battery test in all subject areas.[10]

> Registered Tutor: Participants must have a GED or high school diploma from an accredited institution and score 12.0 on the D level TABE Complete Battery test in all subject areas.[11]

Pursuant to B-07-001, Petitioner's job assignment is that of a registered tutor because he does not possess an associate degree or higher from an accredited institution that would enable him to work as a certified tutor.

Additionally, Petitioner argues that the Department does not specify anywhere within its regulations the amount that a registered tutor should be paid. However, Department Regulation No. B-09-001 entitled Offender Fiscal Services, Offender Incentive Pay and Other Wage Compensation states in pertinent part:

> Once eligible to earn incentive pay, each offender shall initially be paid an "Introductory Pay Level" of $0.02 per hour for a period of six months. After six months, the offender **shall be paid at the lowest pay rate that is *commensurate with* the job *assignment*** he is placed in by the institution.[12] [Emphasis added.]

This Commissioner notes that "commensurate" is the key term in the B-09-001. Oxford Dictionary defines commensurate as "corresponding in size or degree; in proportion." Some synonyms to commensurate are "equivalent, equal and comparable." This Commissioner also notes that B-09-001 does not state that an offender shall be paid at the lowest pay rate that is commensurate with the *job qualifications* where he is placed. Rather, the regulation specifies the offender shall be paid at the lowest rate that is commensurate with the *job assignment* where he is placed. Oxford Dictionary defines assignment as the "*tasks or work assigned to someone as part of a job.*" Hence, void a specific pay scale mandating the amount Petitioner should be paid as a registered tutor, a comparison of Petitioner's job duties to other commensurate job duties must be made to determine the lowest pay rate Petitioner should be paid.

Inmate counsel substitute Nathaniel Anderson argued that being a registered tutor is a professional job, therefore, Petitioner should be paid the same rate as a legal worker 1, which is $0.25 per hour.[13] For the purpose of Department Regulation No. B-09-001, a tutor and a counsel substitute are classified as

---

[7] See Transcript of Oral Arguments held herein on September 12, 2019.
[8] *Id.*
[9] *Id.*
[10] See Department Regulation No. B-07-001 entitled Education- Educational, Vocational and Occupational Programs and Placement, Tutor Certification Program and American Sign Language Interpreting Program (Including Library Services) § 9. Academic and Vocational Tutor Certification (Including Mentors) (A) (1).
[11] *Id.* at (A) (2).
[12] See Department Regulation No. B-09-001 entitled Offender Fiscal Services-Offender Incentive pay and Other Wage Compensation § 7. Procedures (B) (1) Pay Rates.
[13] See *supra* note 7.

professional offender jobs.[14] A legal worker 1 is the lowest classification in the grouping with counsel substitute.[15] However, Petitioner's job duties are not commensurate with the job duties of a counsel substitute because Petitioner does not perform any legal work.

*Ab initio*, Petitioner has relied on LSP Penitentiary Directive 19.001 (6F) to prove that he should be paid $0.40 per hour instead of $0.04 per hour. LSP Penitentiary Directive 19.001 (6F) reads "Education...0.040...0.040...0.040...N/A...Education." Petitioner alleges because he is an academic registered tutor, he is working in the education department and should be paid $0.40 per hour according to LSP Directive 19.001. In a Stay and Remand Order issued upon the Department on November 6, 2019, this Commissioner inquired into the application of LSP Directive 19.001 6 (F) to offenders working in the education department.[16] In its Supplemental Answer, the Department indicated that it could not locate said directive and was unable to provide any insight into its application.[17]

Petitioner's argument also hinges on certain language provided in La. R.S. 15:873, which governs the rate of inmate compensation, to wit:

> A. The secretary of the Department of Public Safety and Corrections may establish various rates of compensation as an incentive to inmates incarcerated in state correctional facilities. The rates shall be according to the skill, industry, and nature of the work performed by the inmate and shall be no more than twenty cents per hour, except that inmates who are assigned to Prison Enterprises industrial, agricultural, service, or other programs may be compensated at a rate up to forty cents per hour and inmates who are Certified Academic Tutors and certified vocational tutors may be compensated at a rate of up to one dollar per hour, in accordance with rules established by the secretary of the department and adopted pursuant to the provisions of the Administrative Procedure Act. [Emphasis added.]

Seemingly, Petitioner suggests that he falls within the statute's exception, which would entitle him to compensation at a rate of $0.40 per hour.[18] However, La. R.S. 15:1152 defines prison enterprises as "the department's [discretionary] engage[ment] in any agricultural, aquacultural, silvicultural, industrial enterprise, or service." This Commissioner interprets the other programs referenced in La. R.S. 15:873 (A) to be those programs specified in La. R.S. 15:1152 that were not mentioned in La. R.S. 15:873 (A). In other words, the education department, wherein Petitioner is an academic registered tutor, does not fall under the purview of prison enterprises. Therefore, Petitioner is not entitled to $0.40 per hour based on the exception provided within La. R.S. 15:873 (A).

The Department's response to Petitioner's appeal is that Petitioner is making the correct incentive wages for the job he was hired to do, and that he did not receive a favorable performance evaluation, which would entitle him to an incentive pay increase.[19] The Department seeks a dismissal of the instant appeal.[20] During initial review, this Commissioner also surmised that Petitioner merely sought a pay increase, and the original Commissioner's Recommendation was based on this premise. However, Petitioner clarified during oral arguments held on September 12, 2019, that the objective of his appeal is not to obtain an incentive pay increase, but it is to obtain an adjustment in pay reflective of what he is statutorily mandated to receive based upon the duties he actually performed in his job assignment, thereby causing any discussion about his

---

[14] See *supra* note 12 at § 7. Procedures (A) (5) (b) Professional Offender Job Classifications.
[15] *Id.*
[16] See Stay Order and Remand filed November 6, 2019, question 12.
[17] See the Department's Supplemental Answer filed January 14, 2020, p. 3, response 12.
[18] See Exhibits K and M attached to the Petition for Judicial Review.
[19] See *supra* note 2 at ¶ 4.
[20] See *supra* note 2.

performance evaluations or the introduction of evidence related thereto irrelevant.[21] After hearing oral arguments in the instant matter and after review of the supplemental responses of both parties, this Commissioner now agrees with Petitioner that his performance evaluations do not have any bearing on the rate of compensation he should have received immediately after his probationary period. Petitioner's rate of compensation should have been determined upon his skill, industry and the nature of work he performed per La. R.S. 15:873 (A) as well as his actual job assignment (not job title), per Department Regulation No. B-09-001.

In the November 6, 2019 Stay and Remand Order, this Commissioner also inquired into the specific job duties of certified tutors, registered tutors, certified tutors in the Corrections Reentry Court Workforce Program, restrictive housing tutors and transitional program tutors.[22] In its Supplemental Answer, the Department gave an exhaustive list of duties for both a certified tutor and a register tutor.[23] Notably, the Department's responses for the specific duties of the three (3) latter job titles read "[t]he duties are the same as those of Registered Tutors and Certified Tutors."[24] (Emphasis added.) Now having confirmation from the Department that all of these job titles share the exact same duties, this Commissioner returned to Department Regulation No. B-09-001 to observe the pay scales for the latter three (3) jobs. **Section 7 (B) (11) of the Regulation regulates the pay for tutors in the Corrections Reentry Court Workforce Program, to wit: "Offenders working as a mentor/tutor...shall earn incentive pay at $0.50 per hour."**[25] (Emphasis added.) **Section 7 (B) (13) states that "offenders assigned as restrictive housing/ [peer] transitional program mentors/tutors shall be compensated at a rate of... $0.50 per hour."**[26] (Emphasis added.) Hence, it is clear to this Commissioner that these tutors having the same job duties that are commensurate to those of a registered tutor are paid a pay rate of $0.50 per hour at the end of the six-month month introductory pay level period. Thus, this Commissioner finds that Petitioner should have also been paid a rate of compensation at $0.50 per hour as a registered academic tutor.

In his Petition for Judicial Review, Petitioner advised that he began working as a registered tutor on September 16, 2016.[27] Upon hiring, Petitioner became eligible to earn incentive pay at an "Introductory Pay Level" of $0.02 per hour for a period of six months.[28] Petitioner's six month period would have lasted until March 16, 2017. Thereafter, and up until February 20, 2019, when Petitioner was removed from the position of registered tutor as a result of a disciplinary infraction,[29] Petitioner should have been paid a pay rate of $0.50, which would have been the lowest pay rate *commensurate with* Petitioner's job *assignment.*[30]

---

[21] See the following: Plaintiff's Objection and Opposition to Defendant's "Answer" filed on April 12, 2019; the Traverse to the Commissioner's Report and Recommendation filed by Petitioner on May 10, 2019; and the Transcript of Oral Arguments held herein on September 12, 2019.
[22] See *supra* note 16 at questions 4, 5, 9, 10 and 11.
[23] See *supra* note 17 at pp. 1 and 2, responses 4 and 5.
[24] See *supra* note 17 at p. 3, responses 9, 10 and 11.
[25] See *supra* note 12 at § 7 (B) (11).
[26] See *supra* note 12 at § 7 (B) (13).
[27] See *supra* note 1 at p. 3, § Facts (2).
[28] See *supra* note 12.
[29] See *supra* note 16 at question 14. See also *supra* note 17 at p. 3, response 14 and the disciplinary reports attached thereto.
[30] Refer *supra* note 12.

This Commissioner finds that Petitioner has presented sufficient evidence, proving that he was entitled to a pay rate commensurate with the job assignment he was placed in at the time by the institution, which was undoubtedly greater than the $0.04 he received. Petitioner is entitled to back pay in the amount of $0.46 per hour he worked as a registered tutor from March 17, 2017 through February 20, 2019. Petitioner's request for training of Department employees assigned to Offender Banking Services should be denied because Petitioner has not provided sufficient evidence for this Commissioner to conclude that it is an issue integral herein. For reasons hereinabove stated, I find that Petitioner's instant suit for appeal of ARP No. LSP-2018-1893 should be granted in part and denied in part. If the Court agrees, my formal recommendation is revised as follows.

### COMMISSIONER'S REVISED RECOMMENDATION

Therefore, after a careful consideration of the Petitioner's suit for Judicial Review of ARP No. LSP-2018-1893, the record and the applicable law, it is the recommendation of this Commissioner that the Court should grant Petitioner's request for back pay in an amount determined by the Department yet reflective of that proposed in the above comprehensive recommendation. Said amount may also be subject to the Court's approval via a reimbursement hearing if necessary. Additionally, the Court should deny Petitioner's request for training of Department employees assigned to Offender Banking Services. The Department should be cast with the costs of this appeal.

Respectfully revised and recommended, this the ___18___ day of ___May___ 2020, in Baton Rouge, Louisiana.

I HEREBY CERTIFY THAT ON THIS DAY A COPY OF
THE WRITTEN REASONS FOR JUDGMENT /
JUDGMENT / ORDER / COMMISSIONER'S
RECOMMENDATION WAS MAILED BY ME WITH
SUFFICIENT POSTAGE AFFIXED.
SEE ATTACHED LETTER FOR LIST OF RECIPIENTS.

DONE AND MAILED ON May 19, 2020

_____
DEPUTY CLERK OF COURT

KINA T. KIMBLE
COMMISSIONER, SECTION B
19TH JUDICIAL DISTRICT COURT