Harry Lee WENDT, Plaintiff–Appellant,

v.

James A. LYNAUGH, Director, Texas
Department of Corrections, et al.,
Defendants–Appellees.

No. 87–2122.

United States Court of Appeals,
Fifth Circuit.

April 6, 1988.

Harvey Lee Wendt, pro se.

Rowena M. Young, Asst. Atty. Gen.,
Austin, Tex., for defendants-appellees.

Before RUBIN, WILLIAMS and
DAVIS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Harry Lee Wendt appeals from a judgment dismissing his civil rights case, 42 U.S.C. § 1983, with prejudice as frivolous. Appellant sued Texas prison officials and other Texas officials. His basic complaint is that he was forced to work without pay while in prison in violation of the Thirteenth Amendment. We agree that his case obviously is frivolous, and we affirm.

Appellant Wendt and two other prisoners incarcerated in the Texas prison system, James L. Wooten and Danny Gene Mahn, brought suit against a long list of Texas prison officials and other Texas officials claiming that the labor which they were forced to carry out as prisoners without compensation constituted a violation of the Thirteenth Amendment to the United States Constitution.[1] Ancillary constitutional claims were made under the Due Process and Equal Protection Clauses of the Fourteenth Amendment and also the Eighth Amendment's prohibition of cruel and unusual punishment.

At a preliminary hearing before a United States District Judge pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985), appellant Wendt raised no factual issues and the case turned strictly upon the legal

---

1. Appellant also claimed that some prisoners were being forced to work beyond their physical capabilities. Whether this is so and whether, if so, it would be a violation of the Thirteenth Amendment, the claim is not before us. Appellant has no standing to assert this claim.

question. On this basis the district judge found appellants' claims frivolous and dismissed the case with prejudice.

There had been a motion for a class action certification in the case which was denied. The other two named parties, Wooten and Mahn, continued in the case through the district court although they did not appear in person and apparently allowed appellant Wendt to represent them. The record is clear, however, that appellant Wendt is the only one of the three participants in the suit at the district court level who gave notice of appeal.

The district court found that the appeal was not in good faith under 28 U.S.C. § 1915(a) and denied the right to proceed in forma pauperis. This Court granted the right to proceed in forma pauperis, and appellant's case is now before us. Appellants had proceeded pro se, and it may be that the failure of the other two participants in the suit to perfect an appeal was inadvertent. In any event, the facts of the case did not differ as among the three plaintiffs, and the disposition of the appeal of appellant Wendt, based wholly upon the controlling law, is equally applicable to the other original plaintiffs in the case.

Appellant's fundamental claim is that since some states pay prisoners for work, and since under Texas law sometimes prisoners are paid for their work, it constitutes involuntary servitude to force a prisoner as punishment for crime to work without pay. Appellant also makes a convoluted argument that under Texas law a prison sentence consists only of confinement and does not compel labor. This latter argument is quickly disposed of because Tex.Rev.Civ. Stat.Ann. art. 6166x specifically provides:

Prisoners shall be kept at work under such rules and regulations as may be adopted by the manager with the Board's approval....

■ It is a rare case that challenges as involuntary servitude the requirement that an incarcerated prisoner work without pay. Evaluation of such a case must begin and perhaps should end with consideration of the provisions of the Thirteenth Amendment to the United States Constitution itself. It should be expected that the reading of the words of the Amendment would be all that could possibly be necessary to treat as frivolous such a claim. The Thirteenth Amendment reads in Section 1:

Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

The record is clear that Wendt had been duly convicted of a crime and was serving sentence in the Texas prison as punishment for that crime. His situation in precise words is exempted from the application of the Thirteenth Amendment. He is in no position to claim a right under the Thirteenth Amendment.

Perhaps the most commonly quoted case to follow the obvious literal intent of the Thirteenth Amendment is *Draper v. Rhay,* 315 F.2d 193 (9th Cir.), *cert. denied,* 375 U.S. 915, 84 S.Ct. 214, 11 L.Ed.2d 153 (1963). At p. 197, the Court said:

When a person is duly tried, convicted and sentenced in accordance with law, no issue of peonage or involuntary servitude arises.

*See also United States v. Drefke,* 707 F.2d 978 (8th Cir.), *cert. denied sub nom., Jameson v. United States,* 464 U.S. 942, 104 S.Ct. 359, 78 L.Ed.2d 321 (1983), in which the Court said at p. 983: "The Thirteenth Amendment ... is inapplicable where involuntary servitude is imposed as punishment for crime." To the same effect are *Piatt v. MacDougall,* 773 F.2d 1032, 1035 (9th Cir. 1985); *Ray v. Mabry,* 556 F.2d 881, 882 (8th Cir.1977); *Jobson v. Henne,* 355 F.2d 129, 131 (2d Cir.1966).

It is apt to point out that the Court early recognized there could be no involuntary servitude in another well established practice of forced labor for a public purpose without pay. It had been a tradition in the common law and the statutes of some states that male citizens could be required to work on public highways without pay for a few days each year. The United States Supreme Court upheld this state requirement in the face of a Thirteenth

Amendment claim in *Butler v. Perry,* 240 U.S. 328, 36 S.Ct. 258, 60 L.Ed. 672 (1916). Two other well known examples of compulsory public service which do not run afoul of the Thirteenth Amendment are jury service required of citizens, *see Butler v. Perry,* 240 U.S. at 333, 36 S.Ct. at 259, and compulsory military service, *Arver v. United States,* 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349 (1918). Whether there is compensation or how much compensation is paid in these compulsory service situations is not a constitutional issue. *Hurtado v. United States,* 410 U.S. 578, 588, 589 n. 11, 93 S.Ct. 1157, 1164 and n. 11, 35 L.Ed.2d 508 (1973).

■■■ These conclusions also belie any claim that forcing prisoners to work without pay is cruel and unusual punishment under the Eighth Amendment. The assertion is also made that there is a violation of equal protection of laws. Appellant contends that equal protection is denied because some states, including Texas, force prisoners to work without pay while prisoners are paid for work in other states and also in Texas some prisoners are paid for work depending upon their status and the kind of work. The pay is discretionary and unless some specific kind of outlawed discrimination is shown the state has the right to make reasonable rules as to whether or not it will pay prisoners and under what circumstances prisoners will be paid. Compensation for the work of prisoners "is by grace of the state," *Sigler v. Lowrie,* 404 F.2d 659, 661 (8th Cir.1969).

Appellant is no longer a prisoner, but his suit is a civil rights suit for damages and thus has not become moot. In view of precise and literal wording of the Thirteenth Amendment and the unwavering line of authority which applies the Thirteenth Amendment precisely as it is written, the district court was fully within its discretion to dismiss appellant's case with prejudice as frivolous after a preliminary hearing.

AFFIRMED.