883 F.2d 75
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Karim Abdul RAHIM, Plaintiff-Appellant,
v.
Stephen H. NORRIS; George M. Little; Tom Mathis; Donal
Campbell; Mike Slaughter; Wayne Morris; Jack
Carter, Defendants-Appellees.
 No. 89-5057.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1989.
 
 Before ENGEL, Chief Judge and NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Karim Abdul Rahim, a pro se Tennessee prisoner, appeals the district court's sua sponte dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Rahim, an inmate at the Turney Center Prison, sued these prison officials alleging they violated his due process rights when they failed to pay him the same wage for his new prison job in the Wood Shop as what he was paid in the Clothing Shop before that industry was relocated to another prison. Rahim also alleged an equal protection violation because other inmates who were reassigned to a different industry retained their same pay level. Rahim sought monetary damages in the form of back pay and punitive damages.
 
 
 3
 The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) finding that Rahim failed to state a cause of action under Sec. 1983 because inmates have no constitutionally protected right to a particular pay scale.
 
 
 4
 Upon review, we affirm the district court's dismissal as inmates indeed have no constitutional right to be compensated for their labor. See Wendt v. Lynaugh, 841 F.2d 619, 621 (5th Cir.1988); Sigler v. Lowrie, 404 F.2d 659, 661 (8th Cir.1968), cert. denied, 395 U.S. 940 (1969). Moreover, there is no state-created liberty or property interest in Rahim retaining his same pay scale because prison policy directive No. 504.04 uses permissive language stating that an inmate may retain his same pay level in the event of a job transfer if approved by the warden. See Beard v. Livesay, 798 F.2d 874, 876-77 (6th Cir.1986). Nor has Rahim stated a claim for an equal protection violation because he did not allege that the different treatment among inmates was based upon an improper classification. See Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.