887 F.2d 265
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emory John CAVENDER, Plaintiff-Appellant,
v.
COMMONWEALTH OF KENTUCKY; Department of Corrections,
Defendants-Appellees.
 No. 89-5319.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1989.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Emory John Cavender, a pro se Florida prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App. P. 34(a).
 
 
 2
 Cavender was formerly an inmate in an unidentified Kentucky penal institution. After a federal trial in June of 1987, Cavender was transferred to the DeSoto Correctional Institute in Arcadia, Florida where he is currently incarcerated. Plaintiff filed this suit alleging that he has not received his accumulated inmate pay from the defendant Commonwealth since being transferred to Florida, nor have the Florida authorities credited his sentence with his earned "gain time." Apparently, Kentucky inmates receive money for their labor, while Florida inmates receive administrative gain time which decreases the amount of time an inmate ultimately serves. Cavender alleged that he is being treated differently than other inmates. He sought back pay in the amount of $500, or that the time earned be "knocked off" his sentence; he also sought compensatory and punitive damages.
 
 
 3
 The district court dismissed the complaint pursuant to 28 U.S.C. Sec. 1915(d) finding that Cavender had failed to state a cause of action under Sec. 1983 because inmates had no constitutionally protected right to be compensated for their labor. Regarding the gain time issue, the court also found that a Sec. 1983 suit was not the appropriate vehicle in which to raise that particular claim.
 
 
 4
 On appeal, Cavender requests the appointment of counsel, and has filed a pro se brief. The defendant has notified the court that it will not be filing a brief.
 
 
 5
 Upon review, we affirm the district court's dismissal. Regarding the inmate pay issue, Cavender failed to state a cause of action under Sec. 1983 because inmates have no inherent constitutional right to be compensated for their labor. See Wendt v. Lynaugh, 841 F.2d 619, 621 (5th Cir.1988); Sigler v. Lowrie, 404 F.2d 659, 661 (8th Cir.1968), cert. denied, 395 U.S. 940 (1969). Moreover, even if the applicable prison regulations created a liberty or property interest in Cavender receiving his accumulated pay upon his transfer out of state, the complaint still fails under the Parratt v. Taylor, 451 U.S. 527 (1981), doctrine. If Cavender were deprived of his monies in contravention of prison policy, this deprivation was the result of a random and unauthorized act. See Davis v. Robbs, 794 F.2d 1129, 1131 (6th Cir.), cert. denied, 479 U.S. 992 (1986). As such, Cavender was required to plead and prove the inadequacy of Kentucky's corrective process in order to state a claim under Sec. 1983. See Hudson v. Palmer, 468 U.S. 517, 531-33 (1984). He has not done this.
 
 
 6
 Nor has Cavender made out a claim for an equal protection violation because he has not alleged that the different treatment among inmates was based upon some sort of invidious classification. See Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986).
 
 
 7
 Regarding the administrative gain time issue, Cavender is challenging the duration of his imprisonment and is essentially seeking a speedier release from his confinement. As such, his sole remedy lies in a writ of habeas corpus filed in the territorial district of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).
 
 
 8
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.