IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20708
Conference Calendar

_____

ADOLPHUS HILL,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; JERRY WILSON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-1386
--------------------
February 17, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Adolphus Hill appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is legally frivolous if it is based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 325 (1989). We review a § 1915(e)(2)(B)(i) dismissal for abuse of discretion. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Hill argues that he is being denied equal protection under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the law by the state's failure to pay him for his prison labor. In Wendt v. Lynaugh, 841 F.2d 619, 621 (5th Cir. 1988), we noted that the mere fact that some prisoners are paid while others are not does not violate equal protection. To state a claim under the Fourteenth Amendment, a prisoner must show "some specific kind of outlawed discrimination." Id. Hill has alleged no such thing. In his complaint, he observed that black prisoners constitute "more than 60%" of the prison workforce. By this statement, Hill implicitly concedes that nonblack prisoners are also required to work without pay in Texas prisons. Accordingly, Hill pointed to no "specific kind of outlawed discrimination," and the district court did not abuse its discretion in dismissing this claim as frivolous.

Hill argues that the district court erred in concluding that he was not entitled to pay under the Fair Labor Standards Act (FLSA). In Watson v. Graves, 909 F.2d 1549, 1554 (5th Cir. 1990), we held that "status as an inmate does not foreclose inquiry into FLSA coverage." Nevertheless, we also noted that when a prisoner has been sentenced to labor, "his labor belongs to the prison and is at the disposal of the prison officials." Id. at 1553 n.7. Texas prisoners, like Hill, who were sentenced prior to 1989 were sentenced to hard labor by virtue of former article 6166x of the Texas Revised Civil Statutes. Wendt, 841 F.2d at 620. Because Hill's labor "belongs to the prison," he is not protected by the FLSA. Watson, 909 F.2d at 1553 n.7; Alexander v. Sara, Inc., 721 F.2d 149, 150 (5th Cir. 1983) (holding that there is "no employer-employee relationship" when

the prisoner's labor is owed to the penitentiary).  There was no abuse of discretion in the district court's dismissal of this claim.[1]

AFFIRMED.

---

[1] Hill's other statutory and constitutional arguments were not briefed on appeal and are waived.  Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).