IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40991
Conference Calendar

_____


ELTON FRANCIS, SR.,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT, Director,
Texas Department of Criminal Justice,
Institutional Division;
TEXAS BOARD OF PARDONS AND PAROLE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CV-346
--------------------
October 17, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Elton Francis, Sr., Texas inmate #361340, appeals the

district court's dismissal of his complaint pursuant to 28 U.S.C.

§ 1915A for failure to state a claim upon which relief could be

granted.  Francis contends that he has accumulated time equal to

more than one-half of his 60-year sentence and is required to

serve only one-third of his sentence to be eligible for release.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Francis contends also that he is being subjected to slavery because he is working in prison without pay.

We review a § 1915A dismissal *de novo*. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). Francis' claim that he is being subjected to slavery because he is required to work without being paid does not state a constitutional violation. *See Wendt v. Lynaugh*, 841 F.2d 619, 620 (5th Cir. 1988) (Texas prisoners sentenced prior to 1989 did not retain their Thirteenth Amendment rights because they were sentenced to hard labor by virtue of article 6166x of the Texas revised Civil Statutes). The district court did not err in dismissing Francis' Thirteenth Amendment claim.

The district court did not err in denying Francis relief on his claims that he was entitled to be released from prison. Any delay in Francis' consideration for release on parole does not establish a constitutional claim because the possibility of release on parole is too speculative, and we have "determined that there is no constitutional expectancy of parole in Texas." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (citation and quotations omitted). In addition, the mandatory supervision law applicable to Francis' case provides that he shall be released to mandatory supervision "when the calendar time he has served plus any accrued good conduct time equal[s] the maximum term to which he was sentenced." Tex. Code. Crim. P. art. 42.18 § 8(c) (West 1987). Accordingly, the district court's judgment is AFFIRMED.

Our affirmance of the district court's § 1915A dismissal of Francis' complaint means that Francis has acquired a "strike"

under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Francis is warned that if he accumulates three "strikes" pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED.