**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-10624
Summary Calendar
_____

JOSEPH ALFRED ROME, JR.,

Plaintiff-Appellant,

VERSUS

WAYNE SCOTT, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
DAVID L. MYERS; GOAD, Doctor; K. IVY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

November 6, 1995

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Rome challenges the dismissal of his § 1983 action.  We affirm.

I.

Joseph Alfred Rome, Jr., a Texas Department of Criminal Justice (TDCJ) prisoner, filed a 42 U.S.C. § 1983 complaint alleging that he is being compelled to attend school unlawfully while incarcerated at the Venus Prison, a private facility operated

---

[1]  Local Rule 47.5 provides:  "The publication  of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense  on  the  public  and  burdens  on  the  legal  profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

under a contract with TDCJ.  Rome also alleged that the state statute which authorizes TDCJ to compel inmates to work is a violation of the Thirteenth Amendment prohibition against involuntary servitude.

Rome filed an amended complaint alleging that 1) the prison laundry does not properly clean the inmates' clothing; 2) the kitchen facilities are inadequate and unsanitary; 3) the guards are not properly trained; 4) the commissary is inadequately stocked; 5) the mail room is not operated in a constitutional manner; 6) the law and general library personnel restrict the legal rights of the inmates; and 7) the grievance procedure is not handled in accord with the TDCJ rules and regulations.  Rome requested that the facility be brought within the standards of Ruiz[2] and that the mail room be operated in accord with the Guajardo[3] standards.  Rome also sought compensatory and punitive damages.

Rome also filed a motion for a temporary restraining order (TRO) or a preliminary injunction directing the prison personnel to return personal property confiscated from Rome and also to appoint a monitor to insure that disciplinary proceedings were not maliciously instituted against Rome.  Rome requested consideration of an emergency temporary restraining order because he had been retaliated against as a result of filing the complaint.  Rome filed

---

[2] Ruiz v. Estelle, 503 F.Supp. 1265 (S.D. Tex. 1980), affirmed in part and vacated in part, 679 F.2d 1115, amended in part and vacated in part, 688 F.2d 266 (5th Cir. 1982), cert. denied, 460 U.S. 1042 (1983).

[3] Guajardo v. Estelle, 568 F. Supp. 1354, 1368 (S.D. Tex. 1983).

a second request for emergency consideration of his TRO, requesting that the court order prison officials to provide him with access to the law library and to insure that his mail is sent from the prison. The district court denied Rome's request for a TRO, including his request for emergency consideration. The magistrate judge sent a questionnaire to Rome on April 26, 1995, concerning the claims raised in his complaint and amended complaint and directed Rome to file a response within 30 days of receipt of the questions. On June 13, 1995, the magistrate judge recommended that Rome's complaint be dismissed for failure to prosecute his claim because he had failed to file a response to the questionnaire. The magistrate judge stated in a footnote that the questionnaire had not addressed Rome's argument that his constitutional rights were violated by his being compelled to attend school because the claim was patently frivolous. The magistrate also determined that Rome's request for injunctive relief, based on the conditions of confinement at the Venus facility, was moot because he had been transferred to the Lynaugh Unit.

Rome filed objections to the recommendation, arguing that this court is in error in determining that prison officials may require inmates to work without violating their constitutional rights. Rome also argued that the magistrate judge did not consider his request that he be given 60 days to communicate with the "other plaintiff" before filing an answer. The district court adopted the magistrate judge's recommendation and dismissed the complaint pursuant to Rule 41(b).

II.

A.

Rome argues that the district court abused its discretion in not granting his request for a 60-day delay in which to respond to the questionnaire and that the district court should not have dismissed his complaint for want of prosecution because he sought to obtain records of the disciplinary action against him at the Venus facility so that he could respond to the questionnaire.

We find that the dismissal of Rome's case was justified by his failure to respond in any form to the magistrate judge's questionnaire and by his contumacious behavior toward the court. Rome asserted in his objections to the magistrate judge's recommendation of dismissal that he had requested a 60-day delay to answer the questionnaire and that he did not file answers to the questionnaire because he wished to communicate with "other plaintiffs" who apparently were transferred to another unit. However, neither of these assertions is supported by the record which includes no request for more time to respond to the questionaire and lists only Rome as the named plaintiff (although Rome appears to seek relief on behalf of all inmates who are subject to unconstitutional conditions at the Venus facility). Rome did not and still has not provided the court with a reasonable explanation for failing to file timely answers to the questionnaire and certainly should have attempted to do so after receiving the magistrate judge's recommendation. "[I]f the refusal to comply [with a court order] results from honest confusion or sincere

4

misunderstanding of the order, the inability to comply, or the nonfrivolous assertion of a constitutional privilege" would render a dismissal with prejudice an abuse of discretion.  Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987).  Rome's failure to respond to the questionnaire does not appear to arise from confusion on his part or from a genuine inability to respond.

Further, from the tone of Rome's pleadings, he has aptly characterized himself as a "belligerent claimant."  While his case was pending, Rome wrote to the clerk of this court complaining about federal judges upholding unconstitutional state laws.  He also threatened to sue "the next Judge who Denies His/Her mandate denying their Constitutional responsibilities, abusing their authority and discretion."  In another letter to the magistrate judge, Rome again threatened  further litigation if the court did not correct its abuses of discretion in connection with his case. Finally, Rome has made no effort to respond to the questionnaire which the magistrate judge specifically tailored to the claims made in his complaint.  Rome's lack of respect toward the district court and disregard of its orders justified the imposition of the harsh sanction of dismissal.  See Brinkmann, 813 F.2d at 750 ("shrill and blustery litigant" was not likely to be controlled by the imposition of a sanction less than dismissal with prejudice).

B.

Although the magistrate judge recommended the dismissal of the complaint, he also recommended that Rome's claim that he could not

5

be compelled to attend school be dismissed as frivolous under 28 U.S.C. § 1915(d).  Rome argues that inmates cannot be compelled to work or attend school because they are merely sentenced to confinement under Texas law.  Rome acknowledges that this court has held otherwise, see Mikeska v. Collins, 900 F.2d 833, 837 (5th Cir. 1990), opinion withdrawn and superseded on reh'g on jurisdictional grounds, 928 F.2d 126 (5th Cir. 1991), but argues that the court is retroactively applying such law in violation of the Texas Constitution.

An in forma pauperis complaint may be dismissed as frivolous under § 1915(d) if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992).  This court reviews a § 1915(d) dismissal under the abuse-of-discretion standard. Id. at 33.

In Wendt v. Lynaugh, 841 F.2d 619, 620 (5th Cir. 1988), the plaintiff inmate also argued that, under Texas law, a prisoner is sentenced to confinement only and may not be compelled to perform labor.  The court rejected this argument, determining that there is Texas statutory authority for requiring inmates to work and also that the "`Thirteenth Amendment is inapplicable where involuntary servitude is imposed as punishment for crime.'"  Id. (citation omitted).  The district court correctly dismissed as frivolous Rome's claim that it was unconstitutional for prison officials to force him to attend school.

C.

Rome's claim to enjoin the officials of the Venus facility from taking disciplinary action against him in retaliation for his refusal to attend school and his legal activities is moot because Rome was transferred from the Venus facility to the Lynaugh Unit while his action was pending in the district court. See Rocky v. King, 900 F.2d 864, 867 (5th Cir. 1990) (inmate's claim for injunctive and declaratory relief concerning conditions in the prison field became moot when he was removed from the field). The district court, therefore, correctly dismissed Rome's claims for injunctive relief concerning conditions at the Venus facility.[4]

AFFIRMED.

---

[4] Rome raises a number of additional issues for the first time on appeal, which we decline to consider. He also seeks the appointment of counsel. No "exceptional circumstances" are presented by this appeal that merits appointment of counsel and we deny this request. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).