United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41130
Conference Calendar

_____

RONALD DEAN WALTON,

                                        Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. 2:04-CV-307
2:04-CV-280
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Ronald Dean Walton, Texas prisoner # 624405, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action as

frivolous.  Walton argues that his Thirteenth and Fourteenth

Amendment rights were violated because he was forced to work at

the McConnell Unit garment factory without compensation and

despite the fact that he was not sentenced to hard labor.  He

asserts that some inmates received disciplinary violations for

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

refusing to work. Walton also contends that his equal protection rights were violated because other Texas inmates and inmates in other states receive pay for work done while incarcerated.

Compelling an inmate to work without pay does not violate the Constitution even if the inmate is not specifically sentenced to hard labor. See Ali v. Johnson, 259 F.3d 317, 318 (5th Cir. 2001); Murray v. Miss. Dep't of Corr., 911 F.2d 1167, 1167 (5th Cir. 1990). The State maintains discretion to determine whether and under what circumstances inmates will be paid for their labor. Wendt v. Lynaugh, 841 F.2d 619, 621 (5th Cir. 1988). The mere allegation that some prisoners are paid for work, while others are not, does not establish unlawful discrimination. Id. Walton has failed to support his 42 U.S.C. § 1983 action by showing that he was deprived of a right or interest secured by the Constitution and laws of the United States. See Doe v. Rains County Ind. Sch. Dist., 66 F.3d 1402, 1406 (5th Cir. 1995). Accordingly, he has not shown that the district court erred under 28 U.S.C. § 1915A, or abused its discretion under 28 U.S.C. § 1915(e)(2), by dismissing his complaint as frivolous. See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998).

Walton's appeal is without arguable merit and is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of Walton's complaint. See

Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).

Walton is cautioned that, if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.