# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 06-20522
Conference Calendar

RUDOLPH RESENDEZ, JR

Plaintiff-Appellant

v.

CITY OF HOUSTON MAYOR BILL WHITE; HARRIS COUNTY SHERIFF
TOMMY THOMAS; BLANCA E LOPEZ, Attorney/Prosecutor; WOODY R
DENSON, Former Harris County Judge; JOAN HUFFMAN, Criminal Judge
183rd; KENNETH W SMITH; JAY W BURNETT, Judge Former Judge 183rd;
CLARK KENDAL, Houston Police Officer Investigator CPS Sex Cases

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-1435

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Rudolph Resendez, Jr., Texas prisoner # 896768, appeals the dismissal of

his 42 U.S.C. § 1983 action as frivolous under 28 U.S.C. § 1915(e)(2). In this

action, Resendez argued that he had been illegally confined in the Harris County

Jail and that, although he had been acquitted of sexual assault charges, he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

being forced to serve a sentence for sexual assault based on a fabricated trial, an alias name, and a mistake regarding the real defendant's prisoner number.

The district court held that Resendez's claims were barred by the two-year statute of limitations applicable to § 1983 actions in Texas because the claims arose from events that occurred between 1996 and 2000. Alternatively, the district court held that Resendez's claims were barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because he had not demonstrated that his conviction or sentence had been reversed or invalidated.

Resendez argues that the district court erred in dismissing his complaint as untimely because he was required to exhaust his state postconviction remedies prior to filing his § 1983 claims. He also contends that he was not required to obtain a ruling that his sentence was invalid prior to bringing this action because he was not validly convicted or sentenced.

Resendez has not shown that the district court abused its discretion in dismissing his action as frivolous. To the extent that Resendez's claims accrued prior to his conviction, the claims are untimely. See Wallace v. Kato, 127 S. Ct. 1091, 1095-96 (2007); Stanley v. Foster, 464 F.3d 565, 568 (5th Cir. 2006). Resendez's remaining claims are barred by his failure to show that his conviction or sentence has been invalidated. See Heck, 512 U.S. at 486-87.

The judgment of the district court is affirmed. Resendez is warned that the district court's dismissal of his action as frivolous counts as one strike under 28 U.S.C. § 1915(g). The dismissal in Resendez v. Smith, No. 1:05cv759, 2007 WL 869565 (E.D. Tex. Mar. 21, 2007), counts as another strike. Resendez is cautioned that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996); § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.