# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 16, 2011

No. 10-30093
Summary Calendar

Lyle W. Cayce
Clerk

AUTRY LEE JONES,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA, Through the Department of Justice; CONDOLEEZZA RICE, SECRETARY OF STATE; HARVEY LAPPIE, Director of Bureau of Prisons, Chief Trust Fund Officer of Inmate Trust Fund; H. CHAIN, AW-of Industry and Education; D. ROACH, Chief Financial Officer; D. DIXON, Counselor; D. LAIR, Counselor; R. MCGOWAN, Counselor; J. FLATTER, Physician; MICHAEL M. ATWOOD,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:09-CV-33

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Autry Lee Jones, federal prisoner # 52873-080, appeals from the dismissal of his in forma pauperis (IFP) civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which he alleges various civil rights violations. Because the district court dismissed the suit both for failure to state a claim upon which relief may be granted and as frivolous, our review is de novo. *See* § 1915(e)(2)(B)(i) and (ii); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Jones's claim that the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) is unconstitutional lacks merit. *See Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000); *Lockett v. Day*, 264 F.3d 1140 (5th Cir. 2001) (unpublished). Because Jones's complaint reveals, and he does not contest on appeal, that he mailed his Freedom of Information Act (FOIA) request to Secretary of State Condoleezza Rice at an address other than that specified in the applicable FOIA regulations, his request was invalid, and the district court did not err by dismissing his FOIA claim. *See Hedley v. United States*, 594 F.2d 1043, 1043-44 (5th Cir. 1979); 5 U.S.C. § 552(a)(3)(A) and (6)(A)(i).

Jones's claim that defendants Harvey Lappin[1] and D. Roach violated his due process rights by using an improper method of calculating his overtime pay for his Department of Justice's Federal Prison Industries (UNICOR) job fails to state a claim since he did not have a constitutional right to be compensated for work performed while he was incarcerated. *See Wendt v. Lynaugh*, 841 F.2d 619, 621 (5th Cir. 1988); *see also Edwards v. Johnson*, 209 F.3d 772, 779 (5th Cir. 2000) (holding that the violation of prison regulations does not itself constitute a constitutional violation).

He also fails to state valid claims that defendants Lappin, D. Dixon, D. Lair, and R. McGowan violated his due process rights prior to and during the disciplinary hearing which resulted in his loss of UNICOR employment. *See Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49-50 (5th Cir. 1995) (holding that inmates do not have a constitutional right to UNICOR employment

---

[1] We note that the official caption incorrectly identifies the defendant as Harvey Lappie.

that would entitle them to due process protection).  His claims that defendants Lappin, Dixon, Lair, McGowan, and H. Chain violated his equal protection rights offer no more than conclusory assertions that the defendants intentionally treated him differently than other inmates. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir.1990) (holding that conclusory allegations do not give rise to a constitutional violation).  Because Jones had an opportunity to respond to the defendants' motion to dismiss and because he has not identified any additional facts that he would have presented had the district court held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), he has not shown that the district court abused its discretion in declining to hold such a hearing.  *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).

Jones's claim that defendants Chain, Lappin, Dixon, Lair, and McGowan retaliated against him by disciplining him and terminating him from his UNICOR employment fails to allege the violation of a constitutional right because his employment was not subject to constitutional protections. *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir.1996).  Moreover, his claim is conclusory since a retaliatory intent by the defendants at issue may not be plausibly inferred based upon his allegations.  *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999); *Koch,* 907 F.2d at 530.

Because Jones fails to provide sufficient factual support for his allegations that defendants Lappin and Michael M. Atwood spent inmate trust fund monies on improper expenditures, and because he does not identify how those alleged expenditures failed to benefit the inmate body as a whole, his claim regarding misappropriation of inmate trust fund monies is conclusory.  *See Maydak v. United States,* 363 F.3d 512, 522 (D.C. Cir. 2004) (observing that monies from the fund at issue may be expended "for any purpose accruing to the benefit of the inmate body, as a whole, such as amusements, education, library, or general

welfare work.") (internal quotation marks and citations omitted); *Koch*, 907 F.2d at 530.

Jones does not challenge the district court's dismissal of his claim that his Eighth Amendment rights were violated because Flatter was deliberately indifferent to his medical needs by providing inadequate care for his hepatitis C. Accordingly, he has abandoned any such claim on appeal. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Finally, the district court did not err by dismissing as frivolous, based on the record, Jones's claim that defendant Flatter acted with deliberate indifference to his other alleged medical needs. *See Burleson v. Texas Dep't of Criminal Justice*, 393 F.3d 577, 589 (5th Cir. 2004); *Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992) (holding that this court may "affirm the district court's judgment on any grounds supported by the record").

Jones's appeal lacks any issue of arguable merit and is therefore frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The district court's dismissal of his complaint and this court's dismissal of this appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Further, Jones already has two prior strikes from the earlier dismissal of a suit as frivolous and for failure to state a claim. *Jones v. Judge of 129th, Harris Cnty Dist. Court*, 113 F. App'x 603, 604-05 (5th Cir. 2004). Because Jones has accumulated more than three strikes, he may not proceed in forma pauperis unless he "is under imminent danger of serious physical injury." § 1915(g).

Jones's appeal is DISMISSED as frivolous pursuant to 5TH CIR. R. 42.2.