**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 2, 2011

Lyle W. Cayce
Clerk

No. 10-11193
Summary Calendar

RUDOLPH RESENDEZ, JR.,

Plaintiff-Appellant

v.

STATE OF TEXAS; TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-477

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Rudolph Resendez, Jr., Texas prisoner # 896768, appeals the district court's dismissal of his 42 U.S.C. § 1983 action without prejudice. The district court determined that Resendez had not intended to file a complaint and that his amended complaint did not allege the violation of any constitutional right. Although Resendez admits that his original submission to the district court was not intended to be a complaint, he argues that the amended complaint that he submitted in response to the court's deficiency order shows that his civil rights

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have been violated.  In particular, Resendez argues that he is being illegally confined for a nonexistent criminal offense and that he has been denied relief from this illegal confinement.  He bases this contention, in part, on an alleged conspiracy to pursue charges despite the lack of a grand jury indictment.

The district court reasonably attempted to remedy the mistaken construction of Resendez's initial submission as a civil rights complaint and to return Resendez to his original position, however, because Resendez persists in pursuing the claims made in his amended complaint, we review his argument that the district court erred in dismissing the amended complaint.  Resendez alleged a violation of his constitutional rights in his amended complaint when he alleged that he was being illegally confined.  *See Johnson v. Greer*, 477 F.2d 101, 104 (5th Cir. 1973).  Nevertheless, he failed to state a claim for which relief could be granted.  To the extent that he is seeking money damages, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  To the extent that he is seeking release from confinement, his action is in the nature of a 28 U.S.C. § 2254 proceeding, but he has already unsuccessfully sought relief under § 2254, and he has not moved for authorization to file a successive § 2254 application. *See* 28 U.S.C. § 2244(b)(3)(A); *Resendez v. Dretke*, No. 04-20791 (5th Cir. Apr. 29, 2005) (denying a certificate of appealability); *Resendez v. United States*, No. H-10-CV-0241 (S.D. Tex. Jan. 29, 2010) (dismissing action for lack of jurisdiction as an unauthorized successive § 2254 application); *Resendez v. Dretke*, No. H-03-CV-2973 (Sept. 6, 2004) (denying § 2254 application). Thus, the district court lacked jurisdiction to address this habeas claim. Furthermore, Resendez's assertions regarding his allegedly illegal confinement have been raised and rejected previously.  *See Resendez v. City of Houston*, 258 F. App'x 635 (5th Cir. 2007); *Resendez v. Smith*, 2007 WL 869565 (E.D. Tex. 2007) (unpublished); *Resendez v. White*, No. H-06-CV-1435 (S.D. Tex. May 23, 2006) (unpublished); *Resendez v. United States*, 96 Fed. Cl. 283 (Fed. Cl. 2010).  Finally, to the extent that Resendez seeks to raise issues regarding the illegal confinement of other

prisoners pursuant to the alleged conspiracy, he lacks standing to bring those claims. *See Wendt v. Lynaugh*, 841 F.2d 619, 619 n.1 (5th Cir. 1988).

We do not review Resendez's assertions that he stated a cause of action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); that he has a claim for false arrest and imprisonment; that he has a claim against prosecutors; that the defendants' actions violated 42 U.S.C. §§ 1982, 1985, and 1986; or that criminal charges should be brought against the defendants because he raises these issues for the first time on appeal. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Resendez's appeal lacks any issue of arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, the appeal is dismissed. 5TH CIR. R. 42.2.

Pursuant to 28 U.S.C. § 1915(g), Resendez had already accrued two strikes against him for filing frivolous actions. *See Resendez v. Smith*, 2007 WL 869565 (E.D. Tex. 2007) (unpublished); *Resendez v. White*, No. H-06-CV-1435 (S.D. Tex. May 23, 2006) (unpublished). After he filed this appeal, he received a third strike. *See Resendez v. United States*, 96 Fed. Cl. 283 (Fed. Cl. 2010). Our dismissal of his present appeal also counts as a strike. Accordingly, Resendez is advised that since he has obtained at least three strikes under § 1915(g), he is now barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; § 1915(g) BAR IMPOSED.