# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40517
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2018

Lyle W. Cayce
Clerk

ANTHONY L. PIERCE,

Plaintiff-Appellant

v.

BRAD LIVINGSTON; DAVID G. GUTIERREZ; BOBBY LUMPKIN,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:16-CV-1105

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Anthony L. Pierce, Texas prisoner # 1813502, appeals the dismissal of his pro se 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915A(b). With the benefit of liberal construction, Pierce reurges his claims that Texas prison officials and the Texas Board of Pardons and Paroles (the Parole Board) have failed to adequately compensate him for his forced labor, in violation of 18 U.S.C. § 1589; that the defendants have violated his due

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40517

process rights by failing to honor his earned good-conduct and work-time credits; that the Parole Board's retroactive application of new parole rules constitutes an ex post facto violation; and that, by depriving him of his total time earned, the defendants have violated the Double Jeopardy Clause. Pierce does not reurge his Thirteenth Amendment claim on appeal, and it is therefore abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Pierce fails to show that the district court erred or abused its discretion in dismissing his forced labor claim. As we have explained, compensation for prisoner labor "is discretionary and unless some specific kind of outlawed discrimination is shown the state has the right to make reasonable rules as to whether or not it will pay prisoners and under what circumstances prisoners will be paid." *Wendt v. Lynaugh*, 841 F.2d 619, 621 (5th Cir. 1988).

Also unavailing is Pierce's claim of a due process violation in relation to the defendants' alleged failure to honor his good-time and work-time credits. Even if Pierce is eligible for discretionary parole, Texas law does not create a liberty interest in parole that is protected by the Due Process Clause, and Texas prisoners have no constitutional expectancy to early release on parole. *See Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Insofar as Pierce complains about the Parole Board's application of parole laws that were not in effect at the time of his offense, the Board's imposition of the three-year and five-year set-offs between parole reviews presents no ex post facto violation because the complained-of procedures create only a speculative and attenuated risk of increasing Pierce's punishment. *See California Dep't of Corrections v. Morales*, 514 U.S. 499, 508-09 (1995); *Hallmark v. Johnson*, 118 F.3d 1073, 1078 (5th Cir. 1997); *see also Allison v. Kyle*, 66 F.3d 71, 74-75 (5th Cir. 1995). Lastly, the district court did not err or

No. 17-40517

abuse its discretion in implicitly dismissing Pierce's double jeopardy claim as there was no "multiple criminal punishment" or "successive proceeding." *See Hudson v. United States*, 522 U.S. 93, 98-99 (1997).

Given the foregoing, the district court's judgment is AFFIRMED. Pierce is cautioned that the dismissal of his complaint by the district court counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). We note that Pierce recently incurred a second strike in the district court. *Pierce v. Garrett,* No. 6:17-CV-518, 20 (E.D. Tex. Feb. 27, 2018). He is further cautioned that, once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Pierce's motion for leave to file supplemental exhibits is DENIED. *See United States v. Flores*, 887 F.2d 543, 546 (5th Cir. 1989).