# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2021

Lyle W. Cayce
Clerk

No. 20-20014
Summary Calendar

Rudolph Resendez, Jr.,

*Plaintiff—Appellant*,

*versus*

United States; Gregg Abbott, *Governor of Texas*; Lorie Davis,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-4150

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Rudolph Resendez, Jr., Texas prisoner # 869768, appeals the district court's dismissal of his 42 U.S.C. § 1983 action. In his complaint, he essentially claimed that his Texas conviction and sentence for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20014

aggravated sexual assault of a child were null and void and that his imprisonment constitutes an unlawful kidnapping. He averred, among other things, that (1) his conviction was actually against a different individual and that he is serving that person's life sentence, and (2) his conviction was the result of a broad-based conspiracy among state and federal governments, lawyers, judges, prison officials, prosecutors, and other persons involved in his underlying criminal case to cover up misconduct. As relief, he sought to be released from prison and awarded $1 billion in damages.

To the extent that Resendez's claims constituted challenges to his conviction, the district court found that they were unauthorized, successive claims over which the court lacked jurisdiction. Resendez fails to challenge the district court's dismissal of these claims as unauthorized and successive. Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Resendez has failed to challenge the district court's findings in this regard, so he has abandoned that issue. *See id.*

The district court dismissed Resendez's § 1983 claims on the ground that they were malicious when they arose out of the same series of events that were the subject of prior § 1983 lawsuits. An action may be dismissed as malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation. *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). Resendez has not shown that the district court erred in dismissing his § 1983 claims as duplicative and malicious. *See Pittman*, 980 F.2d at 994-95; *see also Resendez v. Texas*, 440 F. App'x 305, 306 (5th Cir. 2011); *Resendez v. United States*, 96 Fed. Cl. 283, 287 (Fed. Cl. 2010); *Resendez v. Smith*, No. 1:05-CV-759, 2007 WL 869565, 1 (E.D. Tex. Mar. 21, 2007); *Resendez v. White*, No. H-06-1435,

No. 20-20014

2006 WL 6934005, 1 (S.D. Tex. May 23, 2006), *aff'd sub nom.*, *Resendez v. City of Houston*, 258 F. App'x 635 (5th Cir. 2007). We therefore do not reach Resendez's challenge to the district court's alternative dismissal of his claims based on *Heck v. Humphrey*, 512 U.S. 477 (1994).

Neither does Resendez's contention that the district court lacked jurisdiction to reinstate his case because he had filed a notice of appeal have any merit. The district court properly construed Resendez's notice as a timely filed motion under Federal Rule of Civil Procedure 59(e). *See* FED. R. APP. P. 4(a)(4)(A)(iv), (B)(i); *Ross v. Marshall*, 426 F.3d 745, 751-52 (5th Cir. 2005); *Burt v. Ware*, 14 F.3d 256, 260-61 (5th Cir. 1994).

Finally, to the extent that Resendez seeks authorization to file a successive 28 U.S.C. § 2254 application, he has failed to make the required showing. *See* 28 U.S.C. § 2244(b)(2), (b)(3)(C). To the extent that he raises a stand-alone claim of actual innocence, this court "does not recognize freestanding claims of actual innocence on federal habeas review." *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009). Insofar as Resendez contends "actual innocence" is a gateway to raise successive claims, he has not presented any new evidence showing that it is more likely than not that no reasonable juror would have found him guilty of the charged offense. *See McQuiggin v. Perkins,* 569 U.S. 383, 386, 399 (2013); *Schlup v. Delo,* 513 U.S. 298, 327-29 (1995).

AFFIRMED.

3