# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2022

Lyle W. Cayce
Clerk

No. 20-50647

Rudolph Resendez, Jr.,

*Plaintiff—Appellant*,

*versus*

Greg Abbott, *Governor of the State of Texas*; Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; Phonso J. Rayford, *Warden of Connally Unit*; Vernet Davis, *Major of Connally Unit*; Larissa Wysocki, *Major of Connally Unit*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-833

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Rudolph Resendez, Jr., Texas prisoner #896768, appeals the district court's dismissal of his civil rights suit under the three-strikes rule codified

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50647

at 28 U.S.C. § 1915(g). Liberally construed, Resendez argues the district court erred by concluding that (1) prior dismissals counted as strikes under § 1915(g), and (2) he did not qualify for the "imminent danger" exception. Neither claim has merit.

First, the district court correctly tabulated Resendez's prior strikes under § 1915(g). *See Resendez v. State of Texas*, 440 F. App'x 305, 306 (5th Cir. 2011) (noting three prior strikes); *see also Resendez v. Texas*, 258 F. App'x 635, 636 (5th Cir. 2007) (two-strike warning). *See generally Resendez v. United States*, 96 Fed. Cl. 283, 288 (Fed. Cl. 2010) (third strike); *Resendez v. Smith*, No. 1:05-cv-759, 2007 WL 869565, at \*3 (E.D. Tex. Mar. 21, 2007) (second strike); *Resendez v. White*, No. 4:06-CV-1435, 2006 WL 6934005, at \*3 (S.D. Tex. May 23, 2006) (first strike). Resendez does not meaningfully challenge this reality, and his first challenge thus fails.

Second, the district court correctly declined to apply the "imminent danger" exception. Though a prisoner can sidestep the three-strikes rule if they demonstrate an "imminent danger of serious physical injury," § 1915(g); *see also Baños v. O'Guin*, 144 F.3d 883, 884–85 (5th Cir. 1998) (discussing timeframe), this requires more than conclusory allegations. *See, e.g.*, *Newman v. Harris*, 770 F. App'x 216, 217 (5th Cir. 2019). Yet Resendez did not even attempt speculation; he offered nothing.[1] Suffice it to say, the district court did not err in holding Resendez to the text of § 1915(g).

---

[1] As in his earlier bevy of *pro se* suits, Resendez focused on the apparent belief that he was kidnapped by the Texas Department of Criminal Justice nearly two decades ago. After the district court dismissed his claim, however, Resendez filed a Rule 59(e) motion that vaguely invoked alleged dangers—namely, an imminent concern with COVID-19 and "retaliation for a civil defeat." But he did not file a timely amended notice of appeal *after* the denial of that motion. This has jurisdictional consequence and thereby limits the scope of our review. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *see also Bowles v. Russell*, 551 U.S. 205, 214 (2007); *Feiss v. State Farm Lloyds*, 392 F.3d 802, 806 & nn.11–12 (5th Cir. 2004).

No. 20-50647

AFFIRMED.